J-S11029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: Q.J.W., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: Q.J.W., A MINOR | |
| | No. 2143 EDA 2017 |

Appeal from the Dispositional Order Entered June 2, 2017
In the Court of Common Pleas of Bucks County
Juvenile Division at No.: CP-09-JV-0000617-2016

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2018**

Appellant Q.J.W. appeals from the June 2, 2017 dispositional order of the Court of Common Pleas of Bucks County ("juvenile court"), which adjudicated him delinquent of driving under the influence ("DUI") of a controlled substance (marijuana) pursuant to 75 Pa.C.S.A. § 3802(d)(2).  For the reasons set forth below, we vacate the dispositional order, reverse the adjudication of delinquency, and remand for a new adjudicatory hearing.

The facts and procedural history of this case are undisputed.  On April 1, 2016, Appellant was arrested for, among other things, DUI.  On December 1, 2016, the Commonwealth filed a petition alleging delinquency against Appellant, who was seventeen years old at the time of the incident, charging him with DUI offenses and possession of a small amount of marijuana.

On May 2, 2017, the juvenile court conducted an adjudicatory hearing, at which Appellant appeared with his attorney, Douglas Dolfman, and father, L.W. At the hearing, pursuant to Pa.R.J.C.P. 407, Appellant executed a written colloquy, admitting to the DUI offense. The juvenile court also colloquied Appellant on the record. In exchange for Appellant's admission, the Commonwealth withdrew the remaining DUI and possession charges. On June 2, 2017, the juvenile court held a dispositional hearing, following which it placed Appellant on indefinite probation and ordered him to pay court costs and perform fifty hours of community service.

Appellant *pro se* appealed to this Court. On July 19, 2017, the juvenile court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Through Attorney Dolfman, Appellant complied, raising a single assertion of error. Appellant claimed that the juvenile court "erred as a matter of law by accepting a plea on the record that was not voluntary or knowing." Rule 1925(b) Statement, 8/8/17. In response, the juvenile court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant was not entitled to relief.

On appeal, Appellant repeats the same issue. In a one-paragraph argument section, spanning barely twelve lines and citing only one legal authority, Appellant claims that his admission was not voluntary or knowing. Appellant's Brief at 9 (unpaginated). Appellant specifically claims:

> The judge erred by accepting the guilty plea because [he] did not understand the nature of the guilty plea. The trial judge failed to adequately apprise [Appellant] on all aspects of a guilty plea and

- 2 -

or admission of the facts in this matter.  This lack of a record demonstrates that the plea was not knowingly or voluntary.

*Id.* (sic).

Pennsylvania Rule of Juvenile Court Procedure 407 provides in pertinent part:

**A. Admissions.** At any time after a petition is filed, the juvenile may tender an admission to some or all of the delinquent acts charged.

(1) *Requirements.*

(a) Before the court can accept an admission, the court ***shall determine that the admission is knowingly, intelligently, and voluntarily*** made.

(b) As a part of this determination, the court shall ensure:

(i) an attorney has reviewed and completed the admission colloquy with the juvenile pursuant to paragraph C; and

(ii) there is a factual basis for the admission.

(c) At the hearing, the court ***shall conduct an independent inquiry*** with the juvenile to determine:

(i) whether the juvenile understands the nature of the allegations to which he or she is admitting and understands what it means to admit;

(ii) whether the juvenile understands that he or she has the right to a hearing before the judge and understands what occurs at a hearing;

(iii) whether the juvenile is aware of the dispositions that could be imposed and the consequences of an adjudication of delinquency that can result from an admission;

(iv) whether the juvenile has any questions about the admission; and

> (v) whether there are any other concerns apparent to the court after such inquiry that should be answered.

Pa.R.J.C.P. 407(A)(1)(a)-(c) (emphasis added). Thus, under Rule 407(A)(1), the juvenile court must determine on the record whether a defendant's admission is tendered knowingly, intelligently and voluntarily by conducting an independent inquiry. The Comment accompanying Rule 407 provides:

> Under paragraph (A)(1), the court is to determine if the admission is knowingly, intelligently, and voluntarily made by asking questions to ascertain the juvenile's ability to comprehend the written colloquy and to make an admission.
>
> The written colloquy serves as an aid for the court in making its determination that the admission is knowingly, intelligently, and voluntarily made and it **does not supplant** the court's responsibility to conduct a sufficient inquiry to support its determination pursuant to paragraph (A)(1).
>
> Nothing in this rule prohibits the judge from reviewing the entire written colloquy with the juvenile on the record or asking more questions than required under paragraph (A)(1)(c).
>
> The admission colloquy is similar to a guilty plea colloquy in criminal court; however, the juvenile court judge has special responsibilities under the Juvenile Act in providing a balanced attention to the protection of the community, the imposition of accountability for delinquent acts committed, and the development of competencies to enable juveniles to become responsible and productive members of the community.

*Id.* cmt. (emphasis added). As explained in the foregoing comment to Rule 407(A), a written colloquy does not obviate the need for an independent inquiry by the juvenile court. Indeed, even if a defendant executes a written admission colloquy, the juvenile court still is obligated to conduct an

independent inquiry to determine whether the defendant made a knowing, intelligent and voluntary admission.

Instantly, as noted earlier, Appellant executed a written admission colloquy, affirming that he tendered his admission to the DUI offense knowingly and voluntarily. Additionally, Appellant affirmed that he understood the direct and collateral consequences of the admission. Appellant also affirmed that he was satisfied with his legal representation by Attorney Dolfman and that he discussed the admission with his parent. Attorney Dolfman also executed the admission colloquy, affirming that he has "reviewed this form with [his] client." Admission Form, 5/2/17, at 4.

As required under Rule 407(A), the trial court conducted an independent, on-the-record, inquiry to determine whether Appellant tendered his admission knowingly, intelligently and voluntarily. In this regard, our review of the adjudicatory hearing transcript reveals the following exchange between the juvenile court and Appellant:

> [The juvenile court]: [Attorney] Dolfman, did you have a chance to go over the admission colloquy with [Appellant]?
>
> [Attorney Dolfman]: I have, your Honor. I'll have it marked as D-1.
>
> [The juvenile court]: [Appellant], you have gone over your admission with your attorney here and initialed each of those pages of that document and signed it. You understand that you have a right to a trial on these matters and require the Commonwealth to prove all of the elements of the remaining charges that are in the Petition and have not been withdrawn, and that you have the obligation for the opportunity to call any witnesses that you wish to call in your defense, and you have

- 5 -

decided that you will admit that you committed the offenses as charged in the Probable Cause Affidavit; is that right?

[Appellant]: Yes.

[The juvenile court]: And you are not under the influence of drugs or alcohol that would give you any difficulty to intelligently and voluntarily participate in these proceedings; is that correct?

[Appellant]: Yes.

[The juvenile court]: You verify that the contents of the Probable Cause Affidavit as related to the remaining charges are true and accurate; is that correct?

[Appellant]: Yes.

N.T. Adjudicatory Hearing, 5/2/17, at 2-3.

Based on the foregoing, we are constrained to conclude that the juvenile court's independent inquiry fell short of Rule 407(A)'s requirements. Although the juvenile court substantially complied with Rule 407(A)(1)(b), it failed to satisfy the requirements of subsection (1)(c)(i),(iii), and (iv). Specifically, the juvenile court failed to ask Appellant sufficient questions to determine whether he understood the nature of the DUI allegations to which he was admitting and what it meant to admit them. The juvenile court also failed to ask Appellant questions to determine whether he was aware of the dispositions that could be imposed and the consequences of an adjudication of delinquency that could result from an admission. Finally, the juvenile court failed to ask Appellant whether he had any questions about the admission. Moreover, the fact that Appellant executed a written admission colloquy is of no moment because it does not relieve the juvenile court of its obligation to conduct an independent inquiry that complies with Rule 407(A). As noted, the juvenile

court here failed to comply fully with the requirements of Rule 407(A)(1)(c), and as a result, Appellant's admission was not tendered knowingly, intelligently and voluntarily. Accordingly, we vacate the June 2, 2017 dispositional order, reverse the adjudication of delinquency, and remand this matter to the juvenile court for a new adjudicatory hearing consistent with this memorandum.

Dispositional order vacated. Adjudication of delinquency reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18